IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNISHA ENGLISH,<br><br>      Plaintiff,<br><br>vs.<br><br>FBI and US MARSHALL,<br><br>      Defendants. | 8:14-CV-111<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the complaint filed by the plaintiff, Kennisha English. The Court now conducts an initial review of the Complaint to determine whether dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A, or whether this matter should proceed to service of process.

SUMMARY OF COMPLAINT

  The plaintiff asserts her 2000 GMC Sierra Pickup was improperly seized while her brother, Eric English, was in possession of the vehicle. At the time Eric English was wanted as a fugitive, and federal law enforcement assisted with his apprehension. The vehicle was seized by the Federal Bureau of Investigation for forfeiture based on alleged violations of the Controlled Substances Act. Filing 1 at 4; *see also* 21 U.S.C. § 881.

  The plaintiff was informed of the seizure in a letter dated July 16, 2013. Filing 1 at 4. The letter informed the plaintiff she could contest the forfeiture in court by filing a claim of ownership with the FBI by August 20, 2013, and explained the procedures for doing so. The letter also informed the plaintiff that "[i]n addition to or in lieu of filing a claim" she could request a pardon of the forfeited property. Filing 1 at 5. The letter instructed her to submit a "petition for remission or mitigation of the forfeiture" and to provide "proof that [she was] a victim of the offense underlying the pending forfeiture . . . and the facts and circumstances . . . justify[ing] a return of the property." Filing 1 at 5.

  In response, the plaintiff lodged a petition for remission or mitigation of forfeiture with the FBI. Filing 1 at 10. Her petition was denied on February 10, 2014. Filing 1 at 7. The plaintiff was provided 10 days in which to file a request for reconsideration. The plaintiff asked for reconsideration. Filing 1 at 9. Her request for reconsideration was undated. The Court is not aware of any further communication between the plaintiff and the FBI. Instead, the

plaintiff filed her complaint in this Court and a separate motion requesting "immediate delivery of the vehicle in question." Filing 6.

## APPLICABLE LEGAL STANDARD

The Court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate. *See* § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

*Pro se* plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

## DISCUSSION OF CLAIMS

The plaintiff's complaint is captioned as a cause of action under the Federal Tort Claims Act ("FTCA"). Filing 1. However, she makes clear in the body of the complaint and in her subsequent filing that she is seeking judicial review of the FBI's administrative decision and is asking the Court to order the return of her vehicle. *See,* filing 1 at 4; filing 6 at 1.

### FEDERAL TORT CLAIMS ACT

The plaintiff brings her claim under the Federal Tort Claims Act seeking the return of her pickup. Under 28 U.S.C. § 2674, the United States has waived its right to sovereign immunity for certain tort claims. However, excluded from this waiver are any claims "arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any other law enforcement officer. 28 U.S.C. § 2680(c). This has been interpreted broadly to include the seizure of property by any law enforcement officer. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 220-21 (2008). The FBI has immunity from suits under the FTCA relating to its seizure of property and the plaintiff's complaint does not state a cause of action for which relief can

be granted under the FTCA. *See, e.g.*, *Lippman v. City of Miami*, 622 F. Supp. 2d 1337, 1344 (S.D. Fla. 2008); *Hallock v. United States*, 253 F. Supp. 2d 361, 366-67 (N.D.N.Y. 2003).

The FTCA does permit claims based on injury or loss of property seized for forfeiture to proceed under certain limited conditions. *See* § 2680(c)(1-4). But that "exception to the exception" only applies if

   (1)   the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
   (2)   the interest of the claimant was not forfeited;
   (3)   the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
   (4)   the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

*Id.* And in this case, at least one of those conditions is not satisfied: the interest of the claimant clearly *was* forfeited. *See, e.g.*, *Himex Co. v. United States*, ___ F. Supp. 2d ___, 2014 WL 658063, at *2 (D.D.C. Feb. 20, 2014); *Akeem v. United States*, 854 F. Supp. 2d 289, 296 (E.D.N.Y. 2012); *Wynn v. Missouri Highway Patrol*, 2006 WL 1875411, at *2 n.1 (W.D. Mo. June 30, 2006). The provisions of § 2680(c)(1-4) provide a means to recovery for claimants whose property was lost or damaged after it was wrongfully taken, but not actually forfeited. *See id.* Because the plaintiff's truck was actually forfeited, the plaintiff is limited to challenging that forfeiture through the legal avenues provided by law for challenging such a forfeiture. And it is to those avenues that the Court now turns.

### REVIEW OF FORFEITURE

The plaintiff's complaint and subsequent motion indicate she is also contesting the FBI's determination of forfeiture. Non-judicial civil forfeiture proceedings are governed by 18 U.S.C. § 983. Once an individual has elected to pursue the claim administratively, the forfeiture of property cannot be collaterally attacked in federal court. *See In re U.S. Currency, $844,520.00*, 136 F.3d 581 (8th Cir. 1998). When the claimant's administrative claim has failed, the Court cannot review the merits of the decision. *United States v. One 1973 Buick Riviera Automobile*, 560 F.2d 897, 901 (8th Cir. 1977).

Once an administrative proceeding has reached its conclusion, district courts retain jurisdiction only to determine compliance with due process or

- 3 -

procedural requirements. *See United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993). That is, the Court may only review whether the agency followed the proper procedural safeguards in forfeiting the property in question and did not violate the claimant's due right to procedural due process. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

In this case, the plaintiff elected to pursue her claim through the administrative process set forth by the FBI. She has not presented evidence that she attempted to "contest the forfeiture" as defined by the July 16, 2013 letter she received from the FBI. That is, the notice from the FBI set forth the requirements for contesting the forfeiture in court. Filing 1 at 4; *see also* § 983(a)(2). Any claim was to be made under oath and state that it was made under penalty of perjury. *See id.* The letter also expressly stated:

> **If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Failure to do so will waive your right to contest the forfeiture of the asset in this proceeding and any judicial proceeding – either civil or criminal – even if such a proceeding has already been commenced or is commenced in the future.**

Filing 1 at 4 (emphasis in original); *see also* § 983(a)(2).

Instead, the plaintiff submitted a document she clearly labeled as a "Petition for Remission or mitigation of the forfeiture to FBI." Filing 1 at 10. A petition for remission or mitigation of the forfeiture "does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property." *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995) (internal citations omitted); *see also Ibarra v. U.S.*, 120 F.3d 472, 475 (4th Cir. 1997). The response from the FBI informed her that her submission was treated as a "petition for remission of forfeiture," and she has not alleged that she disagreed with that characterization or meant her initial letter a forfeiture contest (which it clearly was not). Filing 1 at 7. Simply put, a petition for remission or mitigation of a forfeiture is not subject to judicial review on the merits, but only to ensure the FBI complied with statutory and procedural requirements. *U.S. v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011); *Yskamp v. Drug Enforcement Admin.*, 163 F.3d 767, 770 (3d Cir. 1998); *Martin v. Leonhart*, 717 F. Supp. 2d 92, 99-100 (D.D.C. 2010); *Kiefer v. U.S. Dept. of Justice*, 687 F. Supp. 1363, 1366 (D. Minn. 1988).

The plaintiff's complaint does not identify any alleged procedural due process infringements in the administrative process. Instead, she claims that she did not know about her brother's misconduct, and that he has not been charged with a federal crime. Filing 1. These are clearly challenges to the

merits of the forfeiture—and as explained above, the Court cannot review the correctness of that decision. Accordingly, based on the record before the Court, the plaintiff has not stated a cause of action for which relief can be granted.

However, the plaintiff will be allowed 30 days in which to amend her complaint and attempt to state a claim for relief. To do so, the plaintiff will need to allege, for example, that she actually did file a separate claim under oath and penalty of perjury pursuant to § 983(a)(2), but that the administrative agency failed to file a complaint for forfeiture in response. (That is, that she filed a claim challenging the forfeiture *other* than the petition for remission or mitigation that is already in the record.) Or, the plaintiff could allege facts showing that she was somehow denied procedural due process. Should she fail to do so, however, her complaint will be dismissed for failure to state a claim.

IT IS ORDERED:

1. The plaintiff's claims under the Federal Tort Claims Act are dismissed without prejudice.

2. The plaintiff's motion for immediate return of the vehicle (filing 6) is denied without prejudice.

3. The plaintiff shall have until September 12, 2014 to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint will result in dismissal of this matter without further notice.

4. The clerk's office is directed to set a case management deadline in this matter: September 15, 2014: Check for amended complaint.

Dated this 13th day of August, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 5 -